IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY QUINN, | No. 2:11-cv-3106-MCE-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ELWOOD LEVAN, JR., | |
| Defendant. | |
| _____/ | |

Plaintiff, proceeding in this action with retained counsel, brings this civil action. Pending before the court is plaintiff's motion for default judgment (Doc. 12). A hearing on the motion was initially held on February 20, 2013, before the undersigned in Redding, California. Plaintiff appeared through counsel, Frank Tobin and Ryan Caplan. Defendant was also present. Prior to entry of judgment, the court required plaintiff to provide additional information, and the hearing was continued to March 15, 2013. Plaintiff filed his supplemental brief, and after one continuance, the continued hearing was held on March 27, 2013. Plaintiff was personally present at the hearing with counsel Nicholas Mazanec, and plaintiff's counsel John Alessio and Ryan Caplan appeared telephonically.

/ / /

1          At the continued hearing, plaintiff was sworn in and testified before the court.
2  Plaintiff testified as to the history of the property involved in this action, his knowledge regarding
3  the current tenants, the condition of the property, as well as when and how he was excluded from
4  the property.  After discussion with plaintiff and counsel, the undersigned determined there was
5  insufficient evidence before the court to enter default judgment as to the permanent injunction
6  sought by plaintiff.  However, as plaintiff is currently being improperly excluded from the
7  property in question, he is unable to gather the evidence required to obtain the judgment sought.

8          Plaintiff has provided the court with evidence supporting his claim that he is a co-
9  owner in the Jessie Martin public domain allotment.  His partial interest in the subject property is
10  as a co-tenant, with the equivalent of a 1/7 interest in 39% of the allotment.  However, plaintiff
11  contends that as a co-tenant of the property, he has the right of equal access to the property which
12  has been denied him since 2010.

13          A tenancy in common exists where several persons own property together, not in
14  joint ownership or partnership.  See Cal. Civ. Code §§ 685, 686.  Each cotenant is equally
15  entitled to share in the possession of the entire property, and neither can exclude the other from
16  any part of it.  See Swartzbaugh v. Sampson, 11 C.A.2d 451, 454, 54 P.2d 73 (1936); Munkdale
17  v. Giannini, 35 C.A. 4th 1104, 1114 (1995)).  Each cotenant has the right to enter and occupy the
18  entire property; neither has the right to exclude another cotenant from any portion of the property.
19  See Russell v. Lescalet, 56 Cal. Rptr. 399, 401 (Cal. App. 1967).

20          Through his pleadings and testimony, plaintiff has supported his contention that
21  the defendant is excluding him from the property.  Due to this exclusion, he has been unable to
22  obtain the information the court requires prior to entering a permanent injunction.  As such,
23  plaintiff is to be allowed unfettered access to the property known as the Jessie Martin public
24  domain allotment.  This property is approximately 41.72 acres located in the NE 1/4 of the NE
25  1/4 of Section 2, Township 38 N, Range 8 E, M.D.E. (identified by Bureau of Indian Affairs
26  Tract ID 50E-SU-385; APN 033-060-07).  Defendant shall not obstruct plaintiff from entering

this property, nor from allowing inspections and experts to investigate the current conduction of the land.

Based on the foregoing, IT IS HEREBY RECOMMENDED that plaintiff be allowed unfettered access to the property known as the Jessie Martin public domain allotment. This property is approximately 41.72 acres located in the NE 1/4 of the NE 1/4 of Section 2, Township 38 N, Range 8 E, M.D.E. (identified by Bureau of Indian Affairs Tract ID 50E-SU-385; APN 033-060-07) AND defendant be ordered not to obstruct plaintiff from entering this property, nor from allowing inspections and experts to investigate the current conduction of the land.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 20, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE